Goldsborough, et al. *v.* Burk, et al.

514

Argued October 8, 1971, Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Jack Brian,* with him *Richard, Brian, DiSanti & Hamilton,* for appellants.

*Joseph E. Pappano,* with him *Pappano & Pappano,* for appellees.

OPINION BY JUDGE KRAMER, February 28, 1972:

This is an appeal from an opinion and final order of the Court of Common Pleas of Delaware County (1)

dissolving a preliminary injunction, (2) sustaining defendants' preliminary objections, and (3) dismissing the plaintiffs' complaint.

Suit was instituted by the filing of a Complaint in Equity by four individuals on behalf of themselves and all other residents of the City of Chester, as a class, against the ten named District Judges and Aldermen who exercise jurisdiction over criminal cases in Delaware County. It is important to note that every paragraph in the Complaint refers to the criminal procedure or criminal laws of the Commonwealth of Pennsylvania. The Complaint alleges violations by the minor judiciary of certain criminal procedural rules relating to arraignment, public hearing, the setting of bail, and the maintenance of criminal docket records. The Complaint generally seeks (1) to enjoin the defendant members of the minor judiciary from conducting preliminary arraignments in private places, (2) to enjoin them from arbitrarily setting bond without reference to the pertinent criteria as set forth in the Pennsylvania Rules of Criminal Procedure, and (3) to require the defendants to hold arraignments during regularly established hours.

After hearing, the lower court on October 15, 1970 granted a preliminary injunction. Thereafter the defendants filed (1) preliminary objections, (2) exceptions to the preliminary injunction, and (3) a motion to dissolve the preliminary injunction. After consolidating all of these matters for argument the lower court ruled in favor of the defendants on all three matters. On April 23, 1971, appeal was taken by the plaintiffs to this Court.

It is extremely important to note at this point that on April 7, 1971 the plaintiffs petitioned the Supreme Court of Pennsylvania (No. 43 Miscellaneous Docket, 1971) to take extraordinary jurisdiction of this matter

under Section 205 of the Appellate Court Jurisdiction Act, Act 1970, July 31, P. L. 673, Article II, Section 205, 17 P.S. §211.205. This petition to the Supreme Court was denied on April 27, 1971, without opinion.

Our reading of the Appellate Court Jurisdiction Act (hereinafter referred to as ACJA), *supra,* indicates a clear intention on the part of the Legislature that the Commonwealth Court should not have any jurisdiction in criminal procedure or criminal law. All appellate jurisdiction pertaining to criminal procedure and criminal law was given to the Supreme and Superior Courts of this State. However, in view of the fact that this lawsuit is in equity, the Superior Court would not have jurisdiction even though the ultimate effect of the ruling on this appeal directly affects criminal procedure and criminal law, because the Superior Court was not given jurisdiction in equity actions. Section 201 of ACJA, *supra,* 17 P.S. §211.201 states that the Supreme Court of Pennsylvania shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in actions in equity (except as may be found in Section 402 (1), (4), or (6)).

Furthermore, as the opinion of the court below points out, control of the minor judiciary in criminal proceedings and under the criminal law lies with the President Judge of the Court of Common Pleas and the Supreme Court of Pennsylvania.

The perplexing situation for this Court is that neither party raised any question on the jurisdiction of this Court and the Supreme Court refused to take extraordinary jurisdiction.

Section 503 (a) of the ACJA, *supra,* provides a passage for the course we take with reference to the Supreme Court. It states: "The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the hearing of the appeal, or with-

in such earlier time as may be specified by general rule or rule of court, shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this act, or of any general rule adopted pursuant to section 505 of this act, vesting jurisdiction of such appeal in another appellate court."

This Court has received briefs and heard argument on this case, and is in a position to rule on the merits.

The opinion of the court below makes it clear that the President Judge of Delaware County has promulgated rules, orders and directives since the filing of the Complaint in this case, which are intended, *inter alia,* to remedy the alleged improper activities and procedures complained of by appellants in their Complaint. The appellants do not deny the statements of the opinion in this regard, and therefore we hold that the issues raised are now moot. The opinion and order of the court below are affirmed.