450 A.2d 159

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Earl Howard LYLES, Jr.**

Superior Court of Pennsylvania.

Argued March 31, 1982.

Filed Sept. 10, 1982.

178

John T. Kalita, Deputy Attorney General, Philadelphia, for Commonwealth, appellant.

Michael C. Shields, Norristown, for appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

PER CURIAM:

This is an appeal from an order requiring the Commonwealth to pay for the rehabilitative therapy of appellee, Earl Howard Lyles, Jr. Mr. Lyles, a former inmate of the State Correctional Institution at Graterford, is a paraplegic now serving a modified sentence of thirty years probation. The Commonwealth, through the office of the Attorney General, contends that the lower court was without authority to

require the Commonwealth to pay for the medical treatment of one no longer incarcerated.

Since this dispute necessarily involves the Commonwealth's Department of Public Welfare, which has received bills for payment for appellee's therapy, and the Bureau of Corrections, whose medical treatment capabilities are in question, we are transferring this case to the Commonwealth Court. *See* Pa.R.A.P. 752.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. The instant appeal is properly before this court, and I would decide it on its merits.

The appeal has been filed from an order modifying a sentence entered in a criminal case. Appellate jurisdiction in such cases has been vested in the Superior Court. See: *Commonwealth v. Bender*, 251 Pa.Super. 454, 380 A.2d 868 (1977); *Goldsborough v. Burk*, 4 Pa.Commonwealth Ct. 513, 288 A.2d 555 (1972); 42 Pa.C.S. §§ 742, 762. Cf. *Commonwealth v. Sensi*, 287 Pa.Super. 452, 430 A.2d 691 (1981).

Moreover, even if there were a jurisdictional defect, neither party has raised the issue; and, therefore, our right to decide the merits of the appeal is clear. See: 42 Pa.C.S. § 704; Pa.R.App.P. 741. See also: *Commonwealth v. Guinther*, 290 Pa.Super. 441, 443 n.2, 434 A.2d 834, 835 n.2 (1981); *Schrecengost v. Armstrong School District*, 289 Pa.Super. 292, 295 n.1, 433 A.2d 72, 73 n.1 (1981); *Jost v. Phoenixville Area School District*, 267 Pa.Super. 461, 465–466 n.1, 406 A.2d 1133, 1135 n.1 (1979).

Whether a trial judge, in the form of an order modifying a criminal sentence and placing a prisoner on probation (or parole), can direct the Commonwealth to pay for rehabilitative therapy for such prisoner is a difficult and complex issue which has been extensively briefed and argued by the parties. I would not send them away without a decision.