**Philip SIEGEL, Petitioner,**

v.

**U.S. PAROLE COMMISSION, et al., Respondents.**

**No. 85–1986–Civ.**

United States District Court,
S.D. Florida.

June 21, 1985.

J. Robert Cooper, Atlanta, Ga., for petitioner.

David H. Lichter, Asst. U.S. Atty., for respondents.

## MEMORANDUM OPINION IN SUPPORT OF ORDER SETTING BOND AND DIRECTING RELEASE OF PETITIONER UPON POSTING OF BOND

ARONOVITZ, District Judge.

THE COURT having carefully examined the file and the applicable law, and having issued an order under date of June 19, 1985 granting Petitioner's Motion for Bond and staying proceedings, hereby enters its Memorandum Opinion in support of said order which set bond and directed the release of petitioner upon the posting thereof.

### Background

Petitioner Philip Siegel has filed a Petition for Habeas Corpus under 28 U.S.C. § 2241, alleging that his parole was revoked in violation of his rights under the Due Process Clause. Siegel contends that the United States Parole Commission has acted arbitrarily and in violation of its own rules and regulations. After filing his Petition, Siegel submitted an Extraordinary Motion for Stay of U.S. Parole Commission Warrant, which was denied. A warrant of arrest was issued and executed; at the time of the order setting bond, Siegel was incarcerated at the federal institution at Talladeega, Alabama.

When Philip Siegel's parole was revoked, he pursued two courses of action. First, he filed an appeal of the Commission's decision to revoke with the National Parole Reviews Board, and second, he filed the instant action, alleging that further pursuit of his administrative remedies would be futile. In her report to the Undersigned District Judge, Magistrate Charlene H. Sorrentino recommended that the Petition be dismissed without prejudice; because of the aforementioned appeal, Siegel had not exhausted his administrative remedies.

The Court will hold in abeyance the Magistrate's Report until such time in the future when it is more appropriately addressed. At this juncture, given the fact that the sixty day period allowed for the National Board to address Petitioner's appeal has not expired, the Court does not consider it appropriate to address the merits of Siegel's Petition. These proceedings, therefore, are stayed until thirty days after a final determination by the National Board, or until such other time as set by the Court if the National Board fails to act timely on Petitioner's appeal. In the meantime, Petitioner's request for bond must be addressed. Petitioner presents a substantial constitutional claim, and the Motion for Bond has significant merit in itself, and without regard to the merits of the instant habeas corpus petition.

### Bond and Exceptional Circumstances

■ Subsequent to Petitioner's arrest, the Motion for Bond was filed and, as stated above, the Court held a non-evidentiary hearing thereon. While a parolee has no constitutional right to bail, a district court has the inherent power to grant bail in a habeas proceeding brought by a parolee. *Argro v. United States*, 505 F.2d 1374 (2d Cir.1974). However, bail pending review of a parole revocation is granted only upon a showing of exceptional circumstances. *Galante v. Warden*, 573 F.2d 707 (2d Cir. 1977). In this Circuit, the phrase "exceptional circumstances" includes the requirement that the Petitioner "raise substantial constitutional claims upon which he has a high probability of success." *Calley v. Callaway*, 496 F.2d 701 (5th Cir.1974).

■ In the instant case, it is apparent on the face of the papers filed that Petitioner presents a significant constitutional claim upon which he has a substantial likelihood of success either on appeal to the National Board, or on habeas corpus, or on a *de novo* consideration of this matter by the United States Parole Commission. Philip Siegel originally was charged by the Parole Commission with three violations of his parole condition prohibiting association with

persons having a criminal record. The panel examiners, Cook and Essex, apparently concluded that there was insufficient evidence to make a finding as to the first two charges. With respect to the third charge involving a short telephone conversation with Jay Wolf, Panel Examiner Essex made no finding of a violation, and Panel Examiner Cook found that there was a violation, but that it was insufficient to warrant revocation of parole. Siegel himself reported the conversation with Wolf which took place in May, 1984. Siegel admitted that he spoke to Wolf, but only for twenty or thirty seconds during a telephone call to Siegel's parents to wish them greetings during the Passover season. Wolf's parents put Jay Wolf on the line after Siegel inquired about him. Panel Examiner Cook found that there was a violation, but only for "technical reasons."

On administrative review, a third examiner, Chait, agreed with Cook that there was a violation, but disagreed with both about the decision not to revoke. In his report, Chait goes on to cite matters which apparently were not before the original panel, and which had little to do with the conversation with Wolf. In subsequent administrative proceedings, there were other apparent irregularities and there are conflicting dates.

The Parole Commission's rules and regulations should guarantee parolees some measure of due process of law. When they are not followed significant constitutional rights are implicated. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Clearly, to revoke Siegel's parole on the basis of "proscribed association" for an incidental thirty second telephone conversation to wish Passover greetings would be arbitrary and capricious, and not in accordance with the established meaning of such "association" under the cases. *United States v. Furukawa*, 596 F.2d 921 (9th Cir.1979).

This case thus presents a unique set of facts and extraordinary circumstances. While the Court does not herein make any specific findings of fact, it is apparent on the face of the papers in the Court file that bond is warranted pending Petitioner's appeal, or *de novo* consideration by the Parole Commission. A very serious constitutional violation is alleged, and the file reveals that Petitioner has a high probability of ultimate success on the merits.