J-A21032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EAVIN CHAMBERS | : | |
| | : | |
| Appellant | : | No. 393 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 3, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003090-2018

BEFORE: KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 26, 2021**

Appellant Eavin Chambers appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after Appellant pled guilty to aggravated assault and strangulation. Appellant challenges the trial court's denial of his motion to withdraw his guilty plea, the discretionary aspects of his sentence, and the revocation of his bail following the denial of his post-sentence motion. After careful review, we affirm.

The trial court summarized the factual background of the case as follows:

> The underlying case stems from the arrest of Appellant for beating and strangling the complainant, Shalema McLean, between 3:00 p.m. and 4:00 p.m. on December 22, 2017 in Appellant's rented residence at 5551 Ludlow Street in the City and County of Philadelphia. On that date, in the basement of the

---

[*] Former Justice specially assigned to the Superior Court.

residence, the complainant and Appellant were involved in a verbal argument regarding their relationship.

The argument had been triggered by a female texting Appellant's phone then calling the complainant's phone. Appellant found a condom in the complainant's back pocket and retorted "you want to jump on my back about shit and you got a condom in your pocket." (*See* Philadelphia Police Department Investigation Report No. 2017-18-085872.1, 12/27/17). Appellant then began beating the complainant, punching and kicking her several times while choking her. The complainant had attempted to defend herself, but was overpowered by Appellant.

During this attack, Appellant forcibly removed the complainant's Pandora bracelet, took her cell phone and physically forced her to stay in his basement. After approximately two hours, the complainant was [able to] escape Appellant's basement and notified a family member of what had taken place while she was at 5551 Ludlow St. As a result of the assault, [the] complainant suffered a fractured and swollen black right eye, numerous bruises and scratches on both arms, and a contusion behind her right ear. *Id*. The complainant was treated for her injuries at Jefferson Hospital on December 23, 2017.

Trial Court Opinion (T.C.O.), 12/14/21, at 1-2.

In connection with this attack, Appellant was initially charged with aggravated assault, robbery, strangulation, terroristic threats, unlawful restraint, simple assault, and recklessly endangering another person. Appellant pled not guilty on all charges and proceeded to a jury trial.

On December 3, 2019, Appellant's jury trial began and the complainant testified at trial. Following the complainant's testimony, Appellant agreed to enter a negotiated guilty plea to aggravated assault and strangulation in exchange for the remaining charges to be dropped. The parties agreed that Appellant would be sentenced to four to ten years' imprisonment for the aggravated assault charge and a four-year term of probation that would run

concurrently to the parole period. The written plea colloquy did not discuss Appellant's post-sentencing bail.

That day, defense counsel requested a colloquy on the record in which he noted that Appellant would agree to a four-to-ten year prison term with a surrender date forty-five days later. While the trial court initially indicated that it would deny Appellant's request for post-sentence bail, which the trial court considered an invitation for Appellant to flee, Appellant pleaded with the trial court to delay his incarceration for forty-five days to allow him to see family members including his mother, sister, and two children, all of whom live out-of-state. While Appellant acknowledged that he was not permitted to leave Pennsylvania while on bail, he claimed that these family members would come to Pennsylvania to see him before he was incarcerated. Appellant also indicated that he had health issues that he wished to address with medical providers before his incarceration.

The trial court conducted an oral colloquy in which Appellant admitted to the factual basis for his pleas as presented by the Commonwealth, indicated that he was satisfied with his counsel's representation and indicated that he fully understood the terms and conditions of his negotiated sentence.

Thereafter, on the same day, December 3, 2019, the trial court entered a sentencing order incorporating the sentencing terms as agreed by the parties to four to ten years' imprisonment with a four-year probation term concurrent to Appellant's parole period. In addition, the trial court included other conditions including, *inter alia*, required drug treatment, drug testing,

and a stay away order from the complainant. The trial court reconsidered Appellant's request for a deferred surrender date, revoked its decision to deny bail, and indicated that Appellant's sentence would begin on January 17, 2020.

On December 13, 2019, Appellant filed a post-sentence motion in which he sought to withdraw his guilty plea based on his assertion of his innocence. Appellant requested a new trial "to contest the false charges against him" and indicated that he intended to call three witnesses to testify as to the complainant's character for violence. In addition, Appellant requested that the trial court to reconsider his sentence "as a lesser term of total confinement would suffice." Post-sentence motion, 12/13/19, at 2. Appellant did not develop his sentencing claim beyond this bald assertion.

On December 19, 2019, the trial court held an evidentiary hearing, at which Appellant presented only one of his three proposed witnesses. Joyce Nwogu, Appellant's maternal aunt, testified that on an unknown rainy night in 2017, which was admittedly not the night of the assault at issue, she observed the complainant walking down the street barefoot. When Nwogu asked where her shoes were, the complainant indicated that something had happened with her boyfriend, and asked Nwogu to take her back to Appellant's house. When they returned, Appellant and the complainant had a verbal altercation in Nwogu's car after which Nwogu dropped the Appellant and the complainant off at a grocery store. Nwogu indicated that Appellant and the complainant did not engage in a physical altercation.

After Nwogu's testimony, Appellant asked the trial court to grant him a new trial to bring forth additional character witnesses. The trial court reminded Appellant that he had pled guilty in the middle of his first trial and had ample opportunity to decide whether to proceed with trial. Appellant denied asking the Court to withdraw his guilty plea and again admitted his guilt, stating "I never [said] I wasn't guilty, Judge." When the trial court confronted Appellant with the fact that Appellant's post-sentence motion asserted his innocence and asked to withdraw his guilty plea, Appellant acknowledged these points and conceded that he made these claims to ask for a reduced sentence.

At the conclusion of the hearing, the trial court denied Appellant's post-sentence motion. In addition, the trial court revoked Appellant's bail as the trial court felt Appellant posed a flight risk, posed a risk to the victim, and was using the post-sentence motion to manipulate the system. Appellant was taken into custody following the evidentiary hearing. On January 21, 2020, Appellant filed a timely appeal and subsequently complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[1]

Appellant raises the following issues on appeal:

---

[1] On February 24, 2021, this Court dismissed the appeal as Appellant had failed to file a brief. On March 10, 2021, Appellant's counsel filed a motion for reconsideration of the dismissal order and attached a completed brief. On April 5, 2021, this Court granted the application to reinstate this appeal.

1. Did the court err in denying the motion to withdraw the guilty plea?

2. Did the court err in denying the motion to modify sentence?

3. Did the court err in incarcerating [Appellant] on December 19, 2019, in violation of the agreement reached on December 3, 2019, to let him surrender 45 days after the plea (original surrender date to be on January 17, 2020)? Having denied the motion to withdraw the guilty plea, did the court err in depriving [Appellant] the benefit of the bargain and did it so because [Appellant] filed a post sentence motion on December 13, 2019, in violation of the due process clauses of the federal constitution and the law of the land clause of the Pennsylvania constitution?

Appellant's Brief, at 1-2.

We initially must discuss the fact that Appellant's brief fails to comply with our Rules of Appellate Procedure. Appellant includes no argument, citation to case law, or relevant analysis to support his first two claims, but instead focuses the argument section of his brief on solely on the third issue. *See* Pa.R.A.P. 2119(a) (requiring the argument to include "such discussion and citation of authorities as are deemed pertinent.").

As such, we find that Appellant has waived the first two arguments due to his failure to develop these claims on appeal. *Commonwealth v. McGrath*, 255 A.3d 581, 588, n.5 (Pa.Super. 2021) (citing *Commonwealth v. Perez*, 625 Pa. 601, 93 A.3d 829, 838 (2014) (the failure to develop an appellate argument with citations to supporting authorities and the record is waived)); *Commonwealth v. Donoughe*, 243 A.3d 980, 986 (Pa.Super. 2020) (emphasizing that "[i]t is not the role of this Court to formulate an appellant's arguments for him").

Thus, the only claim Appellant properly developed on appeal is his challenge to the trial court's decision to revoke his bail after the post-sentence motion hearing despite its prior indication that Appellant would be permitted to remain free on bail for forty-five days after sentencing.

Appellant suggests that the trial court erred in revoking his post-sentence bail as Appellant argues that he was denied the "benefit of his bargain" and should be allowed to withdraw his plea. Appellant cites generally to **Santobello v. New York**, 404 U.S. 257, 92 S.Ct. 495 (1971), which states that "when a [guilty] plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." **Id**. at 262, 92 S.Ct. at 499.

In this case, however, Appellant's guilty plea did not rest on the trial court's allowance of post-sentence bail as Appellant's written plea colloquy did not mention the denial of bail as a specific term in the plea bargain. While the prosecutor did not oppose Appellant's request for post-sentence bail at the plea hearing, the prosecutor did not make any promises to Appellant concerning post-sentence bail as a part of the plea agreement.

As such, we find that the record does not show that the trial court's initial decision to grant post-sentence bail was as a term of Appellant's plea agreement, but instead involved a necessary issue that had to be determined by the trial court at the guilty plea hearing as the parties had negotiated a sentence in the written plea colloquy signed by Appellant.

We reject Appellant's suggestion that the trial court's initial decision at the December 3, 2019 plea/sentencing hearing to accept Appellant's proposed deferred surrender date stripped the trial court of its future discretion to review Appellant's bail. This Court has held that, "[f]ollowing a verdict of guilt[], a defendant has no state or federal constitutional right to bail. After conviction and pending final disposition of all direct appeal proceedings, allowance of bail in non-capital cases is left to the discretion of the trial court." **Commonwealth v. McDermott**, 547 A.2d 1236, 1242 (Pa.Super. 1988) (citations omitted).

Our rules of procedure specifically provide that, after sentencing, "when the sentence imposed includes imprisonment of [two] years or more, the defendant shall not have the same right to bail as before verdict, but bail may be allowed in the discretion of the judge." Pa.R.Crim.P. 521(B)(2).[2] In emphasizing that Rule 521 does not give a defendant the right to bail, this Court has clarified that "[t]he provisions of [Rule 521] set forth the procedural rules adopted by our Supreme Court to govern the exercise of this discretion." **McDermott**, 547 A.2d at 1242 (citation omitted).

Rule 521(D) provides that the following procedure for the modification of a defendant's bail after verdict or after sentencing:

> (1) When a defendant is eligible for release on bail after verdict or after sentencing pursuant to this rule, the existing bail order may be modified by a judge of the court of common pleas, upon the judge's own motion or upon motion of counsel for either party with

---

[2] Rule 521 was formerly codified at Pa.R.Crim.P. 4009-10.

notice to opposing counsel, in open court on the record when all parties are present.

(2) The decision whether to change the type of release on bail or what conditions of release to impose shall be based on the judge's evaluation of the information about the defendant as it relates to the release criteria set forth in Rule 523. The judge shall also consider whether there is an increased likelihood of the defendant's fleeing the jurisdiction or whether the defendant is a danger to any other person or to the community or to himself or herself.

(3) The judge may change the type of release on bail, impose additional nonmonetary conditions as provided in Rule 527, or, if appropriate, impose or increase a monetary condition as provided in Rule 528.

Pa.R.Crim. P. 521.

When a trial court exercises its discretion to determine whether a defendant should be released on bail and what conditions of bail should be imposed, the trial court shall consider "all available information … relevant to the defendant's appearance or non-appearance at subsequent proceedings, or compliance or noncompliance with conditions of the bail bond," including the following criteria:

(1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty;

(2) the defendant's employment status and history, and financial condition;

(3) the nature of the defendant's family relationships;

(4) the length and nature of the defendant's residence in the community, and any past residences;

(5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs;

(6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

(7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8) the defendant's prior criminal record;

(9) any use of false identification; and

(10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

Pa.R.Crim.P. 523.

The trial court in this case repeated several times that it had "grave" and "extreme concerns" that Appellant would flee to avoid confinement if Appellant was allowed to remain on post-sentence bail. Notes of Testimony (N.T.), 12/19/19, at 66-70. Previously, the trial court shared its reluctance to allow Appellant to have a deferred surrender date to visit with family members who lived in different states, specifically his mother, who was in poor health and lived in Florida. The trial court pointed out that Appellant was not permitted to leave the state on bail and was concerned that post-sentence bail was an "invitation to run." N.T. 12/3/19, at 15. In addition, the trial court also had expressed concern for potential danger to the victim. *Id*. at 20.

The trial court indicated that contextual circumstances caused it reevaluate Appellant's request for a forty-five day sentence deferment which it characterized as a "thinly disguised deliberate effort by the Appellant to manipulate the justice system." T.C.O. at 17. While Appellant's post-sentence motion included a motion to revoke his guilty plea based on his innocence,

Appellant told the trial court that he never said he was not guilty and indicated that he never asked to withdraw his plea. N.T. 12/19/21, at 71.

When the trial court confronted him with the content of his post-sentence motion, Appellant admitted he made those claims in an attempt to reduce his sentence, which the parties had already negotiated before Appellant entered his plea. *Id*. As such, the trial court found Appellant's claims to be disingenuous and deemed Appellant's post-sentence motion to be the "last ditch effort, short of flight to avoid consequences for [Appellant's] actions to which [Appellant] fully admitted." N.T. 12/19/19, at 65.

Based on the foregoing reasons, we conclude that the trial court properly exercised its discretion in revoking Appellant's post-sentence bail and ordering incarceration prior to the expiration of the forty-five days requested by Appellant.

Judgment of sentence affirmed.

Judge Kunselman joins the memorandum.

Judge Nichols concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/26/2021