J-S65013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

JAMES LAMBADARIOS,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2521 EDA 2014

Appeal from the Judgment of Sentence June 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0000920-2007
CP-51-CR-0014269-2012

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 08, 2015**

James Lambadarios appeals from the judgment of sentence of two to four years' incarceration followed by ten years' probation, imposed June 10, 2014, following revocation of his probation for two prior convictions. Additionally, his court-appointed counsel, Stephen T. O'Hanlon, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

In 2013 and 2014, Appellant was on probation for several crimes.  At criminal docket CP-51-CR-000920-2007, following a bench trial, Appellant was convicted of statutory sexual assault and corruption of minors.  He was

sentenced to eleven-and-one-half to twenty-three months' incarceration to be followed by five years' probation. At docket CP-51-CR-0014269-2012, Appellant entered a negotiated plea to a charge of theft - receiving stolen property in exchange for which he received a sentence of six to twenty-three months' incarceration to be followed by three years' probation.

In February 2014, Appellant's former girlfriend, Jennifer Wenig, reported to the Philadelphia Probation Department that Appellant assaulted her, threatened her, and stole money from her. In March 2014, a violation of probation (VOP) hearing commenced. At the hearing, Ms. Wenig testified that Appellant twice assaulted her in December 2013, the latter incident resulting in a broken tooth when Appellant smashed her face into a toilet. *See* Notes of Testimony (N.T.), 03/14/2014, at 6-9. On cross-examination, Ms. Wenig further testified that Appellant stole money from her. *Id.* at 18. Following their breakup in January 2014, Appellant repeatedly called and threatened Ms. Wenig and her family. *Id.* at 9-10. In response, Appellant denied Ms. Wenig's allegations. *Id.* at 26. However, the VOP court found her credible and revoked Appellant's probation. *Id.* at 27; *see also* Notes of Testimony (N.T. Sentencing), 06/10/2014, at 12.

Following a presentence investigation, the VOP court sentenced Appellant as stated above and denied his motion for reconsideration. Appellant timely appealed, and Attorney O'Hanlon filed a Pa.R.A.P. 1925(c)(4) statement indicating his intent to file an *Anders* brief.

In January 2015, Attorney O'Hanlon filed a petition to withdraw from representing Appellant. He also filed an **Anders** brief, asserting that there are no non-frivolous issues that could be raised in this appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of

**Anders** and **Santiago**, this Court must then "conduct an independent

- 3 -

review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

Here, Attorney O'Hanlon's ***Anders*** brief complies with the above-stated requirements. He includes a summary of the relevant factual and procedural history; he refers to portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasons for reaching that determination, supporting his rationale with citations to the record and pertinent legal authority. Attorney O'Hanlon also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief, and he attaches a letter directed to Appellant in which he informs him of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal.

We will now independently review the record to determine if Appellant's claims are frivolous, and to ascertain whether there are other, non-frivolous issues Appellant could pursue on appeal. According to Attorney O'Hanlon, Appellant contends that Ms. Wenig did not testify credibly at his VOP hearing, and, therefore, there was insufficient evidence to establish that Appellant violated his probation and was subject to resentencing. ***See*** Appellant's ***Anders*** Brief at 8; ***see also*** Pa.R.A.P. 1925(c)(4) Statement, 11/09/2014.

The decision to revoke probation is a matter vested in the sound discretion of the VOP court. **Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007). We will not disturb the court's decision unless we discern an abuse of that discretion or an error of law. *Id.*

> The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct.

*Id.*

Appellant challenges the sufficiency of the evidence against him, which raises a question of law. **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa. Super. 2014). We review the evidence in the light most favorable to the Commonwealth, as the verdict winner, to determine if it supports revocation. *Id.* Here, Ms. Wenig testified that Appellant twice assaulted her, threatened her, and stole money from her. The VOP court found her testimony to be credible, noting:

> Well, I heard from the complainant. And, quite frankly – she's here today – she was terrified. And it was a vicious assault.

N.T. Sentencing at 11. Upon review, this evidence was sufficient to support the VOP court's decision that Appellant's probation had proven ineffective.[1]

_____

[1] Appellant challenges the credibility of Ms. Wenig. A challenge to credibility is a weight of the evidence claim and is not properly directed to the sufficiency of the evidence. *See **Commonwealth v. DeJesus**, 860 A.2d*
*(Footnote Continued Next Page)*

For the above reasons, Appellant's claim is frivolous. Moreover, our review of the record reveals no other non-frivolous issues Appellant could assert on appeal.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2015

---

*(Footnote Continued)*

102, 107 (Pa. 2004). Nevertheless, we are not empowered to reweigh the evidence before the factfinder. ***See Commonwealth v. Ratsamy***, 934 A.2d 1233, 1236 n.2 (Pa. 2007); ***Colon***, 102 A.3d 1041; ***see also Commonwaelth v. McDermott***, 547 A.2d 1236, 1246 (Pa. Super 1988) (concluding, in the analogous context of parole revocation proceedings, that a weight claim may not properly be raised on appeal).