J-S29025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE HIGHLEY | : | |
| | : | |
| Appellant | : | No. 3185 EDA 2018 |

Appeal from the PCRA Order Entered October 3, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003693-2014

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 09, 2019**

Maurice Highley appeals, *pro se*, from the order, entered in the Court of Common Pleas of Lehigh County, dismissing his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"), and his petition for a writ of habeas corpus. After careful review, we affirm.

On December 23, 2014, Highley pleaded guilty to two counts of possession of a controlled substance with intent to deliver, for which the court imposed an aggregate sentence of one to four years' incarceration on February 9, 2015. He did not file a direct appeal. Though there are no docket entries between May 18, 2015, when the court amended Highley's sentence to make him eligible for boot camp, and May 30, 2018, when the PCRA court appointed counsel to pursue the instant PCRA petition, it is clear that Highley was

released on parole, violated his parole, and returned to confinement.[1] Following his return to confinement, the Board of Probation and Parole ("the Board") determined Highley would not receive credit for his time spent at liberty, owing to Highley's unresolved drug issues and the similarity between offences committed while at large and the conviction at issue.[2]  **See** PCRA Petition, 5/30/18, Exhibit A (reproducing notice of the Board's decision).

Highley filed the instant PCRA petition on May 20, 2018, for the purpose of challenging the Board's decision not to grant him credit for time spent at liberty, resulting in his release date being pushed back from January 24, 2019 to August 6, 2020.  **See id.** at 5 ("I'm filing [] to receive my time credit [from] the Parole Board spent at liberty on parole") (capitalization adjusted); **see also** Brief of Appellant, Appendix A (attaching to brief Highley's request for administrative review addressed to Board).  On May 30, 2018, the court appointed Sean Poll, Esquire, who filed a "no-merit" letter and petitioned to

_____

[1] All involved—including the PCRA court, the Commonwealth, and Highley himself—failed to fully develop the factual basis underpinning the instant case. The clearest picture of what happened below can be gleaned from Highley's initial, handwritten PCRA petition which states, "I was re-arrested on 1-6-2017 while on parole for criminal case no CP 0003693 [the instant case] for CR-266-2017 out of Carbon County Pa.  I seen [sic] my parole agent upon reentry on 6-21-17.  I receive[d] my Parole Board decision on Oct[.] 16[,] 2017 denying my time at liberty."  PCRA Petition, 5/30/18, at 10 (capitalization adjusted).

[2] Highley's copy of the Board's decision, reproduced as an appendix to his handwritten PCRA petition, states he received a sentence of "9 months for the offenses of possession of a controlled substance and use/possession of drug paraphernalia."  PCRA Petition, 5/30/18, Exhibit A (capitalization adjusted).

withdraw as counsel on August 28, 2018, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc). On September 4, 2018, the PCRA court issued notice of its intent to dismiss Highley's petition without a hearing pursuant to Pa.R.Crim.P. 907. In response, Highley filed a petition for a writ of habeas corpus. On October 3, 2018, the PCRA court dismissed both petitions and granted Attorney Poll's motion to withdraw. Highley's *pro se* appeal followed.

Highley argues the PCRA court erred in dismissing both his petition for PCRA relief and his petition for a writ of habeas corpus. ***See*** Brief of Appellant, at 8. This Court is without jurisdiction to consider either petition.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***see also Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); ***see also Commonwealth v. Pollard***, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Here, Highley's judgment of sentence became final on or about March 11, 2015, following the expiration of the thirty-day period for filing a direct appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, he had one

year from that date—until March 11, 2016—to timely file a PCRA petition.

*See* 42 Pa.C.S.A. § 9545(b).  Highley did not file the instant petition until May

20, 2018,[3] more than three years after his judgment of sentence became final.

Accordingly, the court had no jurisdiction to entertain Highley's PCRA petition

unless he pleaded and proved one of the three statutory exceptions to the

time bar.[4]  *See* 42 Pa.C.S.A. § 9545(b)(1)(i–iii).  Highley failed to do so.  The

court properly dismissed his PCRA petition.

_____

[3] We have used the date listed on Highley's *pro se* PCRA filings, rather than the date provided on the docket.  *See* PCRA Petition, 5/20/18, at 12 (stating copies of PCRA petition were mailed on May 20, 2018); *see also **Commonwealth v. Chambers**, 35 A.3d 34, 39 (Pa. Super. 2011) (applying prisoner mailbox rule, under which *pro se* prisoner's appeals deemed filed on date of delivery to prison authorities or placed notice of appeal in institutional mailbox).  We note the docket states the court appointed PCRA counsel on May 30, 2018, and that Highley filed his PCRA petition on June 6, 2018—a logical impossibility.

[4] The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

The court dismissed Highley's petition for a writ of habeas corpus as a second, untimely PCRA petition. *See* Pa.R.A.P. 1925(a) Opinion, 12/12/2018, citing 42 Pa.C.S.A. § 1942 (providing PCRA is "the sole means of obtaining collateral relief [encompassing] all other common law and statutory remedies for the same purpose . . . including habeas corpus and coram nobis.").

True habeas corpus petitions are properly construed as PCRA petitions—however, a *pro se* petition, though styled as a habeas corpus petition, falls within the exclusive jurisdiction of the Commonwealth Court when it seeks direct review of the Board of Probation and Parole's actions. *See* 42 Pa.C.S. §§ 761(a)(1)(i), 762(a)(1)(i) (outlining jurisdiction of Commonwealth Court); *see also Gillespie v. Commonwealth, Dept. of Corrections*, 527 A.2d 1061 (Pa. Cmwlth. 1987) (considering action properly filed before Commonwealth Court, though titled as petition for habeas corpus, when petition was "not a proper habeas corpus action but rather akin to an action in mandamus.") *and Commonwealth v. McDermott*, 547 A.2d 1236, 1240 (Pa. Super. 1988) ("Appeals from common pleas court parole orders are within the exclusive jurisdiction of the Superior Court, while appeals from administrative parole orders are within the exclusive jurisdiction of the Commonwealth Court").

Here, Highley is attempting to appeal an administrative parole order and is seeking review of the Board's actions. *See* Brief of Appellant, Exhibit A, at 1–6 (reproducing Highley's "Request for Administrative Review"). As such,

neither this Court nor the PCRA court has jurisdiction to consider his habeas corpus petition.[5]  ***See McDermott***, ***supra*** at 1240.  Consequently, though it would have been more appropriate to construe Highley's petition as incorrectly filed rather than untimely, the PCRA court correctly dismissed his petition for want of jurisdiction.  ***See id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/19

---

[5] Should Highley seek further review of the Board's decision, relief lies in a petition for a writ of mandamus before the Commonwealth Court.  ***See Gillespie***, ***supra***.