J-S29024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
               :        PENNSYLVANIA
               :
        v.              :
               :
               :
FREDDIE BOWMAN           :
               :
         Appellant     :   No. 2199 EDA 2019

Appeal from the Order Entered July 17, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003616-2017

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:       **FILED NOVEMBER 09, 2020**

Appellant Freddie Bowman appeals from the trial court's decision to revoke Appellant's parole and recommit him to serve the remainder of his 2017 sentence of time served to nine months' imprisonment.  Appellant's counsel (Counsel) has filed a petition to withdraw and an ***Anders***/***Santiago***[1] brief.  We affirm and grant Counsel leave to withdraw.

The trial judge summarized the procedural history of this case as follows:

> On December 12, 2017, [Appellant] pleaded guilty to one count each of defiant trespass and possession of drug paraphernalia.  I immediately sentenced [Appellant] to time served to nine months with immediate parole.  On May 12, 2018, [Appellant] was arrested by Allentown Police on charges of possession of a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

controlled substance and possession with intent to deliver a controlled substance. As a result, a parole violation warrant was issued on May 16, 2018.

A parole revocation hearing was held on July 17, 2019, at which time the Commonwealth presented the testimony of Adult Probation Officer Cori Doughty.[2] Officer Doughty testified that [Appellant] pleaded *nolo contendere* to the new charges on February 27, 2019, and was sentenced by the Honorable Robert L. Steinberg to 12 months to 36 months incarceration in a state correctional institution.[3] [Appellant] did not cross-examine Officer Doughty and did not present any testimony or other evidence. I determined [Appellant] violated the terms of his parole based on the new conviction. I revoked [Appellant's] parole and remanded him to a state correctional institution to serve the balance of his sentence previously imposed.

Trial Ct. Op., 9/6/19, at 1.

Appellant timely appealed and complied with the trial court's order to file and serve a Pa.R.A.P. 1925(b) statement. The trial court filed a responsive Rule 1925(a) opinion noting that based on credible testimony from the parole officer, Appellant violated his parole based on his conviction on new charges while on parole. *Id.* at 2.

Counsel has filed a petition to withdraw and an accompanying *Anders*/*Santiago* brief asserting that the instant appeal is frivolous. *Anders*/*Santiago* Brief at 8. According to Counsel, Appellant intends to appeal the order revoking his parole because "Appellant believes it was an improper ruling." *Anders*/*Santiago* Brief at 8-9. Counsel asserts that

_____

[2] The trial court appointed Counsel to represent Appellant on May 29, 2019. Counsel represented Appellant at the violation of parole hearing.

[3] We address Appellant's appeal from the judgment of sentence imposed on February 27, 2019, in the appeal listed at J-S29023-20.

Appellant believes that the revocation was improper because the conviction for the new offense was invalid. *Id.* at 9. Appellant has not filed a response either *pro se* or through new counsel.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel substantially complied with the procedures for seeking withdrawal. Counsel has filed a separate petition to withdraw in this Court indicating that he has thoroughly reviewed the record and that there are no meritorious issues for appeal. Counsel's brief did not include a copy of his letter apprising Appellant of his right to proceed *pro se* or with new private counsel. However, Counsel complied with an order of this Court to file copies of the letter. In his letter to Appellant and his brief, Counsel also asserts that he provided copies of his brief to Appellant. **See** Resp. to Order, 3/19/20; **Anders**/**Santiago** Brief at 12-13. Moreover, Counsel's brief complies with the requirements of **Santiago**. Therefore, we proceed to consider Counsel's assessment that the appeal is frivolous.

As noted above, Appellant seeks to challenge the order revoking his parole based on a new charge. Appellant intends to argue that the revocation of parole was in error because his conviction for the new charge was invalid.

At the outset, we note that this Court has jurisdiction over appeals from parole orders of the court of common pleas. *Commonwealth v. McDermott*, 547 A.2d 1236, 1240 (Pa. Super. 1988). As this Court noted,

> a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing— the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa. Super. 2008) (citations and footnote omitted).

Instantly, we find no error in the trial court's decision to revoke Appellant's parole or to recommit him to the balance of his sentence. The county probation and parole officer requested a parole violation warrant

indicating that Appellant violated "Condition 4—New Arrest" based on new offenses. The new offenses resulted in a conviction. As noted in Appellant's companion appeal listed at J-S29023-20, Appellant's conviction for his new offense was valid.

In light of the foregoing, we agree with Counsel's assessment that the appeal is frivolous, and find no basis to disturb the trial court's conclusion that "there were sufficient grounds to revoke [Appellant]'s parole." **See** Trial Ct. Op. at 2. Moreover, our independent review of the record reveals no other non-frivolous issues in this appeal. **See Flowers**, 113 A.3d at 1250.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/20